IN THE MATTER OF THE ACCOUNTING OF THEODORE J. DENTON, AS EXECUTOR, ETC., OF THEODORUS B. DENTON, DECEASED.

*Will — construction of a legacy — when it should be paid to the legatee, although her interest is not an absolute one.*

The will of a testator contained the following provision: "I give and bequeath to my daughter Elizabeth J. Mead the sum of twenty-five thousand dollars, and do order and direct that eight thousand dollars of said sum be paid over to her son Theodore D. Mead when he shall arrive at the age of twenty-one years, * * * but in case my said grandson Theodore D. Mead shall die before arriving at the age of twenty-one, without leaving lawful heirs him surviving, I then give and bequeath the said eight thousand dollars, which I have hereinbefore directed to be paid unto the said Theodore D. Mead, to his surviving brothers and sisters in equal proportions on the death of the said Elizabeth J. Mead." The executor paid over the $25,000 to the daughter. The son, upon coming of age, and during the lifetime of the mother, sought to compel the executor to account for the $8,000, upon the ground that under the will he should have held that amount during the son's minority and paid it to him when he came of age:

*Held,* that it was the duty of the executor to pay the $25,000 to the daughter, and that upon so doing he was discharged from all further liability therefor.

APPEAL from a decree of the surrogate of Orange county, upon the settlement of the accounts of an executor.

*William Vanamee*, for Theodore D. Mead, legatee, appellant.

*D. F. & H. Gedney*, for executor, respondent.

DYKMAN, J.:

This is an appeal from a decree of the surrogate of Orange county, made on the settlement of the accounts of Theodore J. Denton, the executor of the last will and testament of Theodorus B. Denton, deceased.

The controversy is presented by the following provisions of the last will and testament of the deceased: "Third. I give and bequeath to my daughter Elizabeth J. Mead, the sum of twenty-five thousand dollars, and do order and direct that eight thousand dollars of said sum be paid over to her son Theodore D. Mead, when he shall arrive at the age of twenty-one years,  *  *  *  but in case my said grandson Theodore D. Mead shall die before arriving at the age of twenty-one, without leaving lawful heirs him surviving, I then give and bequeath the said eight thousand dollars, which I have hereinbefore directed to be paid unto the said Theodore D. Mead, to his surviving brothers and sisters in equal proportions on the death of the said Elizabeth J. Mead."

The will was executed July 13, 1864, and the testator died January 29, 1865. The will was proved and admitted to probate February 22, 1865, and letters testamentary were issued to Theodore J. Denton alone, and he has ever since acted as the sole executor of the will.

On the fourth day of March, 1865, the executor paid to Elizabeth D. Mead the legacy bequeathed to her of $25,000. Theodore D. Mead, the grandson named in the will who was to be paid $8,000 of the legacy given to his mother, reached the age of twenty-one years July 20, 1883, and he and his mother are both living. Theodore D. Mead now claims that it was the duty of the executor under the will to retain in his hands and preserve for him the sum of $8,000 to be paid to him on his majority, and that the payment to his mother was unjustifiable. On the other hand, the executor claims that he was not only justified in the payment to Mrs. Mead,

but that he was required to make such payment to her by the terms of the will. That such payment discharged him, and that Mrs. Mead received the same as trustee for her son.

The surrogate sustained the executor and gave him a full discharge, and Theodore has appealed. Our view coincides with that of the surrogate. In the first place the gift is absolute of the whole sum of $25,000. Then the direction is that $8,000 of that sum shall be paid to her son Theodore, when he shall arrive at the age of twenty-one years. If he dies before reaching that age, without lawful heirs, then the sum is given to his surviving brothers and sisters on the death of his mother. So that in the event of his death while under twenty-one, without lawful heirs, his mother is to have the use of the same during her life; and if he survives until that period, then she has the use of the money during his minority.

By the fourth clause of the will the testator recognizes the gift as absolute to the daughter in the first instance, and directs that the several bequests before made to his daughters be subject to redemption for advances made to them respectively. It was the intention of the testator that the gift should be absolute to Mrs. Mead; that she should receive the money and have the use and benefit of it either during the minority of her son or during her own life, according as he should live or die, and pay it over in accordance with those events.

The testator in the language quoted does not give the sum of $8,000 to Theodore, and does not speak of it as the sum given to him, but as the sum " which I have hereinbefore directed to be paid unto the said Theodore D. Mead."

Our conclusion is that the executor was required to pay the whole legacy of $25,000 over to Mrs. Mead, and that the decree of the surrogate should be affirmed.

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.